**AMSTERDAM WRECKING & SALVAGE CO., INC., Petitioner,**

v.

**LOCAL 294, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and the National Labor Relations Board, Respondents.**

Nos. 302, 303, Dockets 72–1503, 72–1702.

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1973.

Decided Jan. 11, 1973.

Richard T. Horigan, Amsterdam, N. Y., for petitioner.

Richard A. Cohen (Peter G. Nash, Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore, Deputy Asst. Gen. Counsel, N. L. R. B., Washington, D.C.), for respondent National Labor Relations Board.

Before LUMBARD, KAUFMAN and MANSFIELD, Circuit Judges.

PER CURIAM:

A three-member panel of the National Labor Relations Board held that Amsterdam Wrecking & Salvage Co. had committed unfair labor practices by engaging in activity proscribed by sections 8(a) (1), (3), (4), and (5) of the National Labor Relations Act. These conclusions are not challenged on appeal. The sole contested issue here is the propriety of the Board's remedial order.

Testimony credited by a trial examiner established that on Thursday, March 18, 1971, Charles Skee, who with his wife owned Amsterdam, discharged three of Amsterdam's four employees [1] because they had signed cards designating Local 294, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America as their collective bargaining representative. The discharged employees picked up their paychecks on Friday evening, March 19, and were hold by Skee that their jobs would be available until 7:30 the following morning. Skee repeated the reinstatement offer on Saturday morning. The employees responded, however, that they would return to work only if Skee agreed to recognize the union. To this, Skee

---

1. Marvin Martens, Ralph Martens (Marvin's son), and David Furman. The fourth, Lee Chicester, refused to join.

replied that he had referred the matter to his attorney.

On Monday, March 22, Local 294 filed an unfair labor practice charge. That evening, the employees met Skee at an American Legion Hall. Skee again stated that their jobs were available until the following morning. The employees repeated their demand that Skee recognize the union and informed him that an unfair labor practice charge had been filed. Skee immediately responded by stating that the employees would be rehired only if they withdrew the charge. The employees did not return to work at any time after March 22.

The Board's order, in addition to the normal cease and desist and union recognition requirements, contained a provision concerning backpay. The order required Amsterdam to pay lost wages to the employees for March 18 and 19, the days immediately following the illegal discharges. It did not mandate backpay for March 20, 21, and 22 because the employees became economic strikers when they refused to accept Skee's unqualified offer of reinstatement. The disputed portion of the order directed Amsterdam to pay lost wages for the period beginning March 23—the first day following Skee's inclusion of an illegal condition in the reinstatement offer—and continuing until Amsterdam made an unconditional offer of reinstatement to the employees. Although backpay would not be appropriate if Skee's failure to recognize the union was the sole reason for the employees' failure to return to work, the trial examiner found, and two Board members agreed, that "[i]t cannot be said to a certainty the employees would not have returned before now if Skee had not imposed the unlawful condition of their having the charge withdrawn." Based upon this finding, we believe the backpay order was proper. Any doubts regarding the employees' attitudes toward reinstatement properly were resolved against the employer, Amsterdam, who precipitated the uncertainty by retracting an unconditional offer of reinstatement and substituting for it an offer

coupled with an illegal condition. *See* Philip Carey Manufacturing Co. v. NLRB, 331 F.2d 720 (6th Cir.), cert. denied, 379 U.S. 888, 85 S.Ct. 159, 13 L.Ed. 2d 92 (1964); *cf.* NLRB v. International Van Lines, 409 U.S. 48, 93 S.Ct. 74, 34 L.Ed.2d 201 (1972); NLRB v. Gissel Packing Co., 395 U.S. 575, 85 S.Ct. 1918, 23 L.Ed.2d 547 (1969).